# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

In Re: M.M.

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 14-0027 (Raleigh County 11-JA-237)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Jennifer D. Crane, from an order entered on December 11, 2013, in the Circuit Court of Raleigh County, which terminated her parental rights to two-year-old M.M. The guardian ad litem for the child, Matthew A. Victor, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by terminating her parental rights when she remedied the conditions of abuse and neglect.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, the DHHR filed a petition for abuse and neglect against M.M.'s parents. Petitioner, who was then thirty-six years old, admitted to "shooting up oxycontin" since she was twenty-two years old and while she was pregnant with M.M. At the adjudicatory hearing in January of 2012, petitioner stipulated that this behavior placed her child at risk for being an abused and/or neglected child. The circuit court accepted petitioner's stipulations and granted her a six-month post-adjudicatory improvement period. After a hearing in January of 2013, the circuit court found that petitioner was progressing and that the child was "being transitioned back to her but [the transition] is not complete and the [DHHR] and the parties agree to continue the case as to [petitioner] for complete reunification . . .[and] [a]n improvement period review hearing on [petitioner] . . . will be held . . . on Friday, March 8, 2013." A few days after the March 8, 2013, hearing, petitioner was involuntarily discharged from her inpatient rehabilitation center. She lost contact with the DHHR shortly thereafter and did not appear at the dispositional hearing held in October of 2013. At this hearing, the circuit court accepted a proffer from the family's service provider that petitioner failed to visit with her child and that a bond was not established between petitioner and her child. Hearing no rebuttal from petitioner's counsel, the circuit court terminated petitioner's parental rights to M.M. Petitioner now files this appeal.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred by terminating her parental rights when she remedied the conditions of abuse and neglect. Petitioner asserts that the circuit court previously entered orders in October of 2012 and January of 2013 that directed the process of reunification between petitioner and her child.

Upon our review of the parties' briefs and record on appeal, we find no error by the circuit court. We bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, 228 W.Va. 89, 717 S.E.2d 873 (2011)."'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected. West Virginia Code § 49-6-5(b)(3) explains that circumstances in which a parent fails to respond to rehabilitative efforts or a reasonable family case plan are considered circumstances in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected.

Our review of the record reveals that in March of 2013, petitioner was discharged from her inpatient rehabilitation center because she made an unauthorized purchase on another resident's debit card. Following this discharge, petitioner made arrangements to live with her sister in Indiana with the understanding that she would continue her treatment by completing drug screens, obtaining and maintaining employment and housing, attending Alcoholics

Anonymous and Narcotics Anonymous meetings, and calling her service provider in West Virginia at least once a week. In August of 2013, however, the DHHR's summary report indicated that petitioner had not produced any of her required drug screens, had not remained in contact with her service provider, and had not been to any alcohol or drug education classes. The DHHR also noted that petitioner's current location was unknown, but that the internet and other sources indicated that petitioner previously stayed in Texas and had potential plans to move to North Carolina. Petitioner also lost contact with her child, making the planned reunification impossible. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), and in conjunction with West Virginia Code § 49-6-5(b)(3), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II